Michael Kind, Esq. (SBN: 13903)
**KAZEROUNI LAW GROUP, APC**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq. (SBN: 9086)
**HAINES & KRIEGER, LLC**
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Monika A. Valentine and William R. Valentine, | Case No.: 2:16-cv-01905-APG-NJK<br>Case No.: 2:16-cv-01906-APG-NJK |
| Plaintiffs,<br>v. | **Stipulation for Protective Order** |
| Equifax Information Services, LLC and Wells Fargo Home Mortgage, | as amended on pp. 6-7 |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT APPEARING TO THIS COURT** that Plaintiffs Monika A. Valentine and William R. Valentine ("Plaintiff") and Defendant Wells Fargo Home Mortgage ("Defendants"), sometimes collectively referred to herein as the "Parties," have agreed, by and through their counsel of record, to the following terms and procedures that will govern disclosures and use by the Parties of documents, testimony, and information that is produced or given by any person during the course of discovery in the above-captioned action (the "Action"), and designated "Confidential." The Parties have met in good faith and Defendants have agreed to stipulate to this Protective Order. Therefore, the Court finding that a Protective Order is warranted and for good cause shown, it is hereby

**ORDERED** that the following terms and conditions shall govern discovery in this Action:

1.    The term "Information" as used herein shall include any document, deposition testimony, electronic data, interrogatory response, response to request for admission, or other information disclosed or produced by or on behalf of a party (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents), and all information derived therefrom.

2.    Information may be designated by a party responding to a discovery inquiry (the "Producing Party") as "Confidential" within the meaning of this Stipulation for Protective Order. The Producing Party shall designate Information "Confidential" only when the Producing Party has a reasonable, good faith belief that the Information so designated is confidential within the meaning of Fed. R. Civ. P. 26(c) and further defined as follows:

a.    "Confidential" Information includes confidential commercial or non-public information that qualifies for protection under Fed. R. Civ. P. 26(c), the dissemination of which is generally protected by the Producing Party in the normal course of business; and

Any Information not designated as "Confidential" in accordance with the procedures set forth herein shall not be covered by this Stipulation for Protective Order.

3.   "Confidential" Information, except with the prior consent of the Producing Party (which shall not be unreasonably withheld) or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

   a.   the Court, Court personnel, jurors, mediators, and arbitrators;

   b.   outside counsel for the Parties in this litigation and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this Action (collectively "Outside Litigation Counsel");

   c.   the Parties as well as those officers, directors, in-house attorneys, or employees of the Parties who are actively involved in the Action or who are otherwise necessary to aid counsel in the Action;

   d.   court reporters and videographers who are retained to transcribe or videotape testimony in this Action;

   e.   outside experts, consultants, and/or litigation support vendors who are not employees of any party and who are expressly retained to assist counsel of record for either of the Parties in connection with this Action, including, but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of such persons (collectively "Outside Litigation Assistants");

   f.   any other person to whom the Parties in writing agree, provided that any such person must sign an Acknowledgment in the form attached hereto as Exhibit A;

   g.   any person who wrote or received the document designated "Confidential";

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

h.    any person being interviewed by a party for purposes of the prosecution or defense of this Action who already possessed knowledge of the Confidential Information before being contacted by the party;

i.    during depositions in this Action only, a deposition witness who (i) is a present employee of the Producing Party; (ii) a past employee of the Producing Party with respect to documents in existence during the person's employment with the Producing Party; or (iii) appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "Confidential" or the specific events, transactions, business activities, discussions, or data reflected in or addressed by the document; and

j.    any other person ordered by the Court.

4.    Any person entitled to receive "Confidential" Information pursuant to Paragraph 3, subparts (d), (e), (f), or (h), shall, prior to being given any "Confidential" Information, read this Stipulation for Protective Order and shall execute a sworn statement in the form annexed hereto as Exhibit A, indicating that he or she has read this Stipulation for Protective Order and will abide by its terms. For a firm of court reporters, videographers, or litigation support vendors, the requirements of the preceding sentence shall be deemed satisfied for the firm and its personnel if one person with authority to do so executes the sworn statement on behalf of the firm, provided that all firm personnel who work on this Action are made aware of this Stipulation for Protective Order and the firm's responsibilities hereunder. The designating party shall use its best efforts to secure such sworn statements from any mutually agreed-upon firm of court reporters, videographers, or litigation support vendors; however, in all other instances, it shall be the responsibility of the party retaining the firm of court reporters, videographers, or litigation support vendors to obtain the sworn statements.  Such sworn statements shall

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

be retained by counsel disclosing the "Confidential" Information and shall be made available for *in camera* inspection upon a showing of good cause, except that statements of Outside Litigation Assistants shall not be made available until such time, if any, that the party is obligated to identify such individuals.

5.  Information designated "Confidential" and provided pursuant to this Stipulation for Protective Order shall not be used or disclosed to anyone for any purpose other than the litigation of the instant Action. Any party who inadvertently discloses Information designated "Confidential" during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the party or parties in possession of such Information that the Information is designated as "Confidential" and shall require its immediate return. After receipt of such notice, the parties shall treat the Information so designated as "Confidential" under the terms of this Stipulation for Protective Order, unless released of this duty by further order of this Court. Additionally, any party who inadvertently discloses Information designated as "Confidential" during the discovery process shall, immediately upon discovery of the inadvertent disclosure, give notice in writing to the Producing Party, the names and addresses of the persons to whom it was disclosed and the date of the disclosure together with a copy of the notice by which the inadvertently disclosing party requested the immediate return of the documents.

6.  A party shall designate documents as "Confidential" by affixing a stamp with such words on the document before copies of the documents are delivered to another party. At the sole discretion of the Producing Party, the Producing Party may place on any documents that are subject to this Stipulation for Protective Order watermarks or seals to indicate the document is subject to a

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

Stipulation for Protective Order and is produced under the specific case number.

7. Any deposition transcript or videotaped deposition containing "Confidential" Information shall be marked on the cover "Confidential" and shall indicate as appropriate within the transcript and on the videotape that the Information has been so designated. A party may designate any portions of the transcript (including exhibits) or videotape as containing "Confidential" Information by so advising the deposition reporter in the course of the deposition, who shall indicate in the deposition transcript and on the videotape what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties which pages are confidential within twenty-one (21) days after receipt by the designating party of the final transcript. Until twenty-one (21) days have passed after the receipt of any final transcript, the entire transcript and videotape shall be deemed to contain "Confidential" Information. Nothing in this Stipulation for Protective Order shall prevent an employee of a party or Outside Litigation Counsel from attending any deposition, except that only persons entitled to receive "Confidential" Information shall be present when such Information is disclosed at a deposition.  Counsel for the party disclosing such "Confidential" Information at a deposition shall, before such Information is disclosed, advise counsel for all other parties so that appropriate safeguards can be taken to ensure that only persons entitled to receive such Information pursuant to the terms of this Stipulation for Protective Order are present when such Information is disclosed.

See order issued concurrently herewith.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

9. The Parties agree to refrain, whenever possible, from including "Confidential" Information in the titles of the documents filed with the Court so that, in all instances, the titles of the documents—and the Court's docket sheet reflecting those titles—may remain public.

10. The use of any "Confidential" Information for the purpose of any trial or any hearing which is open to the public is not addressed at this time.

11. Deadline for challenging confidentiality designation. Per the Court's Guidelines for Discovery and Motions Practice, the time period for making an

objection to a confidentiality destination under this Stipulation for Protective Order is limited to no later than the close of discovery or within ten (10) days of the receipt of the document, whichever last occurs.

12. Before a motion is filed in a dispute, the Local Rules must be followed to try to resolve the dispute between counsel or by telephone conference with the Judge. *See also* Fed.R. Civ. P. 26(c) and LR 26-7, D. Nev.

13. Any Producing Party may give notice to any party who has requested the production of documents or information, by written discovery, deposition or otherwise (the "Receiving Party") that it is eliminating a previous designation of a document or other Information as "Confidential." Any Receiving Party may request that a Producing Party eliminate such designation. In the event that a "Confidential" designation is removed, if the Information is used as an exhibit at trial or otherwise displayed to the jury, all deposition statements and all markings indicating that the Information had previously been designated by the party as "Confidential" shall be removed (or edited, in the case of a videotaped deposition) prior to offering the Information into evidence or displaying same to the jury, and no mention shall be made of the previous designation. The party requesting the elimination of the previous designation shall be responsible for eliminating that designation and shall fulfill this responsibility by providing a new, redesignated copy of the document or other Information.   If any Information designated by a party as "Confidential" is used as an exhibit at trial or otherwise displayed to the jury, the Producing Party shall be entitled to add to the "Confidential" marking the following language: "Pursuant to the Protective Order Entered in This Case." A similar statement may be added to any deposition transcript or videotaped deposition. This paragraph is without prejudice to the right of any party to request, or of any other party to oppose, by motion *in limine* or otherwise, that the Court prohibit any party from displaying any markings indicating that a document

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

or other Information had been designated by any party as "Confidential," or that the Court permit a party to add an explanation or that the Court give an appropriate instruction.

14. Nothing herein shall impose any restriction on the use or disclosure by a party of its own Information. Further, this Stipulation for Protective Order shall not be construed to prevent any party, its counsel, or its Outside Litigation Assistants from making use as they see fit of Information that was lawfully available to the public or lawfully in the possession of the party, its counsel, or its Outside Litigation Assistants, or that properly came into the possession of the party, its counsel, or its Outside Litigation Assistants independent of any disclosure of "Confidential" Information in this Action, or that was obtained from a non-party in the course of this Action and was not designated as "Confidential" by that non-party. In the event, however, that a non-party provides Information that was generated by a party to this Stipulation for Protective Order and that party believes that the Information is proprietary and confidential, the party may request that all copies of such Information be stamped with whatever designation the party believes is appropriate within the provisions of this Stipulation for Protective Order; *provided*, however, that the non-party was acting within the scope of his or her employment or agency for the party when he or she obtained such Information from the party (or an affiliate or subsidiary thereof). If the parties to this Stipulation for Protective Order disagree concerning the proper designation of the Information, such dispute shall be resolved pursuant to the procedures described in this Stipulation for Protective Order. Pending the Court's ruling, the party contesting the requested designation shall treat the Information as if the requested designation were proper and effective.

15. Nothing contained in the Stipulation for Protective Order or any designation of confidentiality hereunder or any failure to make such designation shall be

1    used or characterized by any party as an "admission" by a party or a party

2    opponent.

3    16.   Entry of this Stipulation for Protective Order shall be without prejudice to any

4    motion for relief from, or modification of, the provisions hereof or to any

5    other motion relating to the production, exchange, or use of any document or

6    other Information in the course of this Action; provided, however, that no

7    such motion shall be made after entry of a final judgment or settlement. If a

8    party disagrees with a Producing Party's designation of Information as

9    "Confidential," or disputes the limitations on access to be accorded such

10   Information under this Stipulation for Protective Order, such party shall

11   provide to the Producing Party written notice of its disagreement and

12   specifically identify the Information or restriction on access in dispute. Within

13   ten (10) calendar days of the receipt of such notice, the Producing Party and

14   the Receiving Party shall meet and confer in an effort to resolve their

15   differences. If, despite good faith efforts, the Parties cannot resolve their

16   disagreement, the Receiving Party that contests the designation may apply

17   within fifteen (15) calendar days for a ruling on the Producing Party's

18   designation of the Information as confidential. The party who designated the

19   Information as "Confidential" shall bear the burden of demonstrating that the

20   Information is entitled to protection from disclosure under applicable law.

21   Pending the Court's ruling, the party contesting the designation shall continue

22   to treat the Information in the manner required by the Stipulation for

23   Protective Order.

24   17.   If a party inadvertently produces Information that it considers to be protected

25   by the attorney-client privilege, the work product doctrine, the joint defense

26   privilege, the joint prosecution privilege, or other applicable privilege, in

27   whole or in part, or learns of the production of such Information by a non-

28   party, the party may retrieve such Information as follows:

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

a.   Within thirty (30) days of the date of discovery by a party of the inadvertent production by it or a non-party, the party asserting that an inadvertent production has occurred must give written notice to all other Parties that the party claims the Information, in whole or in part, is privileged or protected material. In addition, the notice must state the nature of the privilege or protection and the basis for asserting it. The producing party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such production and the receiving party agrees to not challenge the reasonableness of such efforts.

b.   Upon receipt of such notice, any party who has received the produced document or material shall promptly return all copies to the party asserting inadvertent production. In the event that only part of a document is claimed to be privileged or protected, the party asserting inadvertent production shall furnish to the other Parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice. Any party who has received the produced documents or material may contest the claim of inadvertence. Should the Parties' good faith efforts fail to resolve any dispute over inadvertent production, the party contesting the claim of inadvertence shall bring the matter to the Court's attention within twenty-one (21) days after good faith efforts to resolve the dispute have failed. Prior to resolution of any such dispute (either by the parties or through intervention of the Court), the Receiving Party need not return all copies of the produced documents or material to the party asserting inadvertent production; however, the Receiving Party may not use or disclose the Information claimed privileged for any purpose other than to challenge the privilege or protection claim. If the Court sustains the claim that the Information is privileged or work product protected, the

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

1  receiving party shall, within two (2) days of the Court's order, destroy any

2  notes relating to the privileged or work product protected Information, and

3  advise the producing party in writing of the destruction.

4      c.    The provisions of subparts (a) and (b) of this Paragraph are without

5  prejudice to any other rights that any party may have with respect to

6  challenging or defending any claim of privilege; provided, however, that

7  no claim of waiver, estoppel, laches, or the like based on alleged delay or

8  alleged lack of timeliness can be asserted against the party claiming

9  inadvertent production if that party has complied with subpart (a) of this

10  Paragraph.

11  18.   A party that has inadvertently produced Information without designating it as

12  "Confidential" Information may at any time prior to the completion of the

13  discovery period in this Action redesignate such Information as

14  "Confidential."   The party receiving such redesignated "Confidential"

15  Information shall make a reasonable good faith effort to ensure that any

16  analysis, memoranda, notes, or other material that were generated based upon

17  such Information shall immediately be treated in conformance with any such

18  redesignation.

19  19.   In the event that a party produces two or more identical or substantially

20  identical copies of a document or other Information, and any copy is

21  designated "Confidential" while other copies are not so designated, all such

22  identical or substantially identical documents or other Information shall be

23  treated with the highest confidentiality designation once the inconsistent

24  designation is known. The Producing Party shall be responsible for informing

25  the party receiving the inconsistently designated document or other

26  Information of the inconsistent designation.

27  20.   All provisions of this Stipulation for Protective Order restricting the use of

28  Information obtained during discovery shall continue to be binding after the

conclusion of this Action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. At the request of the Producing Party, any party in possession of originals and copies of documents or other Information deemed to be "Confidential" shall make reasonable efforts to return to the Producing Party at the Producing Party's expense or destroy such documents or other Information within one month after a final judgment and appeals herein or settlement of this Action except that outside counsel for each party (whether or not counsel of record) may maintain in its files one copy of each pleading filed with the Court, and each written discovery request and written response thereto (but not confidential documents produced in response to a request for production of documents, which documents must be returned to the Producing Party or destroyed in accordance with the procedure identified elsewhere in this Paragraph). Notwithstanding the foregoing, nothing in this Stipulation for Protective Order shall require a party to return or destroy documents or other Information that it is obligated to keep by law. Upon request from any party, a party who elects to destroy confidential documents in its possession will attest to the fact that it has made reasonable efforts to destroy such documents, exclusive of those documents that it is obligated to keep by law.

21. Neither this Stipulation for Protective Order nor any party's designation of Information as "Confidential" shall affect the admissibility into evidence of the Information so designated.

22. Non-parties from whom discovery is sought by the Parties may, upon consent of these Parties, designate Information as "Confidential" consistent with the terms of this Stipulation for Protective Order, provided that such non-parties agree in writing to be bound by the Stipulation for Protective Order. Under such circumstances, all duties applicable to a Producing Party shall apply to such non-party. All obligations applicable to parties receiving such

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

1   Information shall apply to any party receiving Information from such non-
2   party.
3   23.   Nothing in this Stipulation for Protective Order is intended to constitute an
4   agreement regarding the scope of discovery.
5   24.   The Court retains jurisdiction subsequent to settlement or entry of judgment
6   to enforce the terms of this Stipulation for Protective Order.
7   DATED this 3rd day of February 2017.
8
9                                        By: /s/ Michael Kind
10                                            MICHAEL KIND
11                                            Nevada State Bar No. 13903
                                             KAZEROUNI LAW GROUP, APC
12                                           7854 W. Sahara Avenue
13                                           Las Vegas, NV 89117
                                             *Attorneys for Plaintiff*
14
15                                       By: /s/ Tanya N. Peters
16                                           JEFFREY WILLIS
                                             Nevada State Bar No. 4797
17                                           TANYA N. PETERS
18                                           Nevada State Bar No. 8855
                                             SNELL & WILMER, LLP
19                                           3883 Howard Hughes Parkway
20                                           Suite 1100
                                             Las Vegas, NV 89169
21                                           *Attorneys for Defendant*
22                                   IT IS SO ORDERED:
23
24
25   _____
     UNITED STATES MAGISTRATE JUDGE
26
27   DATED: February 6, 2017
         _____
28

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Monika A. Valentine,<br><br>                        Plaintiff,<br><br>v.<br><br>Wells Fargo Home Mortgage and<br>Equifax Information Services,<br>LLC,<br>                        Defendant. | Case No: 2:16-cv-01905-APG-NJK<br><br>**Protective Order** |

## ACKNOWLEDGMENT

I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Stipulation for Protective Order executed by the parties and entered by the Court in the above-captioned litigation (the "Action"). I hereby attest that I have been given a copy of, and have read, the Stipulation for Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Stipulation for Protective Order, such confidential documents, materials, or information. I further agree that the District of Nevada (the "Court") has jurisdiction to enforce the terms of the Stipulation for Protective Order, and I consent to jurisdiction of the Court over my person for that purpose.

If I am signing on behalf of a firm of court reporters, videographers, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Stipulation for Protective Order and the firm's responsibilities hereunder.

Signature: _____     Firm: _____

Name: _____     Address: _____

Position: _____     Phone: _____

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28